UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARALAMPIO ALVARADO LOPEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-08982-JLT-GSA (HC)

(A-Number 235-233-544)

ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE

Petitioner Caralampio Alvarado Lopez ("Petitioner") is a federal immigration detainee proceeding *pro se* and seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner has moved for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See*, *e.g.*, *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner contends that counsel should be appointed because without counsel he "would

have great difficulty presenting the case" due to "the complexity of the law on immigration detention" along with his status as a detained immigrant. Essentially Petitioner argues that he is unable to effectively represent himself. ECF No. 3 at 2. Upon review of the petition, the court finds that Petitioner appears to have a sufficient grasp of the claims and the legal issues involved and is able to articulate those claims adequately. The court finds that the interests of justice do not require the appointment of counsel at the present time. However, if upon review of Respondents' response to the petition, the court finds that the legal issues are more complex than they currently appear, the court may revisit Petitioner's request for counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 3), is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **November 4, 2026** **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE